**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN M. GOLDSTEIN, <br><br> Plaintiff, <br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendants. | Case No.: 11-CV-00898-LHK <br><br> ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT AND FOR PRELIMINARY INJUNCTION AS PREMATURE |

On February 22, 2011, Plaintiff, proceeding pro se, filed a complaint seeking review of a decision denying him Social Security benefits. The Court issued the Procedural Order for Social Security Review Actions filed in this judicial District. *See* Dkt. No. 2. This Order states that "the Court's jurisdiction is limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence in the record . . . ." The Order also states that "Pursuant to Civil L.R. 16-5 . . . Defendant shall serve and file an answer, together with a certified copy of the transcript of the administrative record, within ninety days of receipt of service of the summons and complaint." On March 11, 2011, Plaintiff filed proof of personal service on Defendant Michael J. Astrue on March 4, 2011. *See* Dkt. No. 4. In the proof of service, the process server states that he served Nancy Myers-Streeth, a Management Analyst at the Social Security Administration Office of Public Inquiries, 6401 Security Blvd., Baltimore, MD 21235. In

1

1   a handwritten statement attached to the proof of service, Ms. Streeth states that she is "hereby
2   authorized to accept service on his behalf."  Plaintiff moved for a default judgment on May 10,
3   2011, and moved for a preliminary injunction on May 31, 2011.

4   In relevant part, Federal Rule of Civil Procedure 4(i) states that when a plaintiff brings a
5   complaint against a United States agency, or an officer or employee sued in an official capacity, the
6   plaintiff must serve the United States by "(A)(i) deliver[ing] a copy of the summons and of the
7   complaint to the United States attorney for the district where the action is brought - or to an
8   assistant United States attorney or clerical employee whom the United States attorney designates in
9   a writing filed with the court clerk - or (ii) sending[ing] a copy of each by registered or certified
10  mail to the civil process clerk at the United States attorney's office; [and] (B) send[ing] a copy of
11  each by registered or certified mail to the Attorney General of the United States at Washington,
12  D.C." Fed. R. Civ. P. 4(i)(1).   "To serve a United States agency or corporation, or a United States
13  officer or employee sued only in an official capacity, a party must serve the United States and also
14  send a copy of the summons and of the complaint by registered or certified mail to the agency,
15  corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

16  Plaintiff's complaint states that he is "suing the Social Security Administration for breach
17  of contract to provide survivorship insurance benefits."  Pursuant to 42 U.S.C. § 405 (g), the
18  Commissioner of the Social Security Administration is a proper defendant in such an action, and
19  Plaintiff has named the Commissioner as a party.  Because he is suing a United States agency (the
20  Social Security Administration) and an officer of that agency (the Commissioner), Plaintiff must
21  serve defendants pursuant to Rule 4(i), by delivering a copy of the summons and complaint to the
22  U.S. Attorney for the Northern District of California, or to an Assistant U.S. Attorney or clerical
23  employee designated by the U.S. Attorney in a writing filed with the court clerk, or by sending a
24  copy of the summons and complaint by registered or certified mail to the civil process clerk at the
25  U.S. Attorney's office; by sending a copy of the summons and complaint by registered or certified
26  mail to the Attorney General of the United States at Washington, D.C.; and by sending a copy of
27  the summons and complaint by registered or certified mail to the Social Security Administration.

Because Plaintiff's proof of service shows that Plaintiff has not properly served the Social Security Administration or Commissioner Astrue pursuant to the Federal Rules, Plaintiff has not yet triggered their duty to respond to his complaint. Once Plaintiff completes service, defendants will have 90 days from the date of service to respond to the complaint, as set forth in the Procedural Order for Social Security Review Action.

Accordingly, Plaintiff's Motions for Default Judgment and Preliminary Injunction are DENIED without prejudice because they are premature.

**IT IS SO ORDERED.**

Dated: June 6, 2011

_____
LUCY H. KOH
United States District Judge

3
Case No.: 11-CV-00898-LHK
ORDER DENYING MOTION FOR DEFAULT AND PRELIMINARY INJUNCTION