1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN M. GOLDSTEIN | )  Case No.: 11-CV-898-PSG |
| Plaintiff, | )  **ORDER GRANTING DEFENDANT'S** |
| v. | )  **MOTION TO DISMISS** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

In this action against the Social Security Administration ("SSA"), Plaintiff Steven M.

Goldstein ("Goldstein"), proceeding pro se, appeals a denial of child survivor insurance benefits.

On February 22, 2011, Goldstein filed a complaint alleging "breach of contract to provide

survivorship insurance benefits." [1] On September 14, 2011, Defendant Michael J. Astrue

("Astrue"), Commissioner of Social Security, moved to dismiss the complaint pursuant to Fed. R.

Civ. P. 12(b)(1) and (12)(b)(6). On October 7, 2011, Goldstein filed a "motion of postponement

and answer to certain defense claims," which the court will treat as a late response to Astrue's

_____

[1] *See* Docket No. 1 at 1 (Compl.).

1

Case No.: 11-898
ORDER

United States District Court
For the Northern District of California

1  motion to dismiss.[2] On October 14, 2011, Astrue filed a reply. On October 25, 2011, the court took

2  the motions under submission. Having considered the arguments and evidence presented by the

3  parties, the court finds that it lacks subject matter jurisdiction over this matter and hereby

4  GRANTS Astrue's motion to dismiss. As explained below, the court further DENIES Goldstein's

5  motion requesting postponement or a stay of this action.

6  ## I.  BACKGROUND[3]

7  Goldstein is the recipient of monthly disability insurance benefits on his own record in the

8  amount of $1,446.50.[4] In August 2010, Goldstein applied for survivorship insurance benefits as the

9  disabled child of a deceased parent who also had been receiving Social Security insurance

10  benefits.[5] Goldstein alleges that he is entitled to receive simultaneous disability insurance benefits

11  on his own record, as well as child survivor insurance benefits on his parent's record.[6] On August

12  31, 2010, Goldstein's application was denied on the ground that he already was entitled to an equal

13  or larger benefit on his own record.[7] Goldstein filed for reconsideration, and on January 7, 2011,

14  the SSA issued a denial on reconsideration for the same reason.[8] On February 10, 2011, Goldstein

---

[2] Pursuant to Civ. L.R. 7-3(a), Goldstein had 14 days after service of Astrue's motion to dismiss to file a response.

[3] It is difficult to discern any underlying facts from Goldstein's complaint, which is made up almost exclusively of Goldstein's legal analysis and conclusions. The court therefore has relied primarily on Astrue's motion to dismiss and accompanying declarations and exhibits in order to understand the factual and administrative history of this case. For future reference, the court directs Goldstein to Fed. R. Civ. P. 8(a), which sets forth the basic requirements for a pleading that states a claim for relief.

[4] See Docket No. 1 at 6.

[5] See id.

[6] See Docket No. 22 at 2 (Def.'s Mot. To Dismiss), Ex. 1 ¶ 3a (Jones Decl.); Docket No. 1 at 6-7.

[7] See Docket No. 22, Ex. 2.

[8] See id., Ex. 3.

2

Case No.: 11-898
ORDER

filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). Shortly

thereafter, Goldstein filed the instant action in federal court.

On July 29, 2011, the ALJ issued a decision unfavorable to Goldstein, upholding the denial

of benefits.[9] The ALJ's notice of decision informed Goldstein of his right to file an appeal to the

SSA Appeals Council within 60 days of the date notice was received. No appeal was filed.[10]

## II.  ANALYSIS

**A.      Failure to Exhaust Administrative Remedies**

Section 405(g) provides for judicial review of "any *final decision* of the Commissioner of

Social Security" made after a hearing to which the claimant was a party.[11] The Social Security

regulations provide for a set process of administrative review, up through the right to judicial

review.[12] The process requires (1) an initial determination, (2) reconsideration, (3) hearing before

an ALJ, (4) Appeals Council review, and (5) federal court review.[13] The regulations further provide

that if a claimant is dissatisfied with a determination but does not "take the next step within the

stated time period," the claimant will lose the right to further administrative and to judicial review,

unless good cause is shown.[14] Goldstein concedes that he "was not aware of the requirement in the

U.S. law regarding administrative exhaustion" and hence did not appeal the ALJ's July 29, 2011

---

[9] *See id.*, Ex. 4.

[10] *See id.* ¶ 3b. *See also* Docket No. 23 at 1 ("The plaintiff fully will cooperate with this requirement [to continue the administrative appeal process].") (Pl.'s Opp'n to Def.'s Mot. To Dismiss).

[11] 42 U.S.C. § 405(g) (emphasis added).

[12] *See* 20 C.F.R. § 404.900(a) ("The regulations describe the process of administrative review and explain your right to judicial review after you have taken all the necessary administrative steps.").

[13] *See id.*

[14] *See id.* § 404.900(b).

Case No.: 11-898
ORDER

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    determination to the Appeals Council.[15] Goldstein also has not attempted to argue good cause – nor

2    would establishing good cause allow him to skip the Appeals Council step and leap directly to

3    judicial review. Goldstein therefore has not exhausted his administrative remedies under the Social

4    Security Act, 42 U.S.C. § 405(g). Accordingly, this court lacks subject matter jurisdiction to hear

5    Goldstein's claims and must dismiss the action.[16]

6    **B.    Request to Postpone or Stay the Action**

7         In his response to the motion to dismiss and request for postponement, Goldstein asks this

8    court to stay or continue the case until the process of administrative exhaustion is complete.

9    Goldstein argues that he has established in good faith that he will require "some time for the appeal

10   to be pursued so that [the] current matter can be adjudicated correctly" and points to the absence of

11   prejudice to any party should the court grant his motion.[17] Goldstein also points to the likelihood

12   that his administrative appeal will be denied, whereby a stay of this matter would be more efficient

13   than dismissal with prejudice and the need for Goldstein to re-file at a later time.

14        Although the court may be sympathetic to Goldstein's misapprehension of the

15   administrative appeals process and requirements, as well as his arguments as to a stay, the court

16   cannot maintain an action over which it has no jurisdiction. Subject matter jurisdiction must exist

17   as of the time the action is commenced.[18] Even if all parties prefer adjudication in federal court,

---

[15] *See* Docket No. 23 at 1.

[16] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because the court must dismiss Goldstein's claims for lack of subject matter jurisdiction, it is not necessary for the court to reach Astrue's additional arguments pertaining to Goldstein's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

[17] *See* Docket No. 23 at 2.

[18] *See Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (citing *Mollan v. Torrance*, 22 U.S. 536, 538 (1824) (additional citations omitted)).

4

Case No.: 11-898
ORDER

consent of the parties is insufficient to confer jurisdiction.[19] The court therefore is without power to grant Goldstein's motion for postponement. Goldstein's motion is DENIED.

### III. CONCLUSION

In accordance with the foregoing, Astrue's motion to dismiss is hereby GRANTED with prejudice. Goldstein's motion requesting postponement or a stay of this action is hereby DENIED.


Dated: 1/3/2012


_____
PAUL S. GREWAL
United States Magistrate Judge

---

[19] *See id.*

5

Case No.: 11-898
ORDER

**Notice of this filing was automatically mailed to counsel via the court's Electronic Case Filing system.**

**A copy of this filing was mailed to:**

Steven M. Goldstein
184 Centre Street
#6
Mountain View, CA 94041

Dated: 1/3/2012

_/s/ Chambers Staff_
Chambers of U.S. Magistrate Judge Paul S. Grewal

6

Case No.: 11-898
ORDER